UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                          CASE NO. 07-11598

CRESCENT CITY ESTATES, L.L.C.                                   CHAPTER 7

    DEBTOR                                              SECTION "B"

## ORDER AND REASONS

This matter came before the court on March 18-20, 2008 on the motion to dismiss the bankruptcy case, or alternatively, to suspend the bankruptcy and for relief from the automatic stay filed by Michael L. McCrary, MR Crescent City, LLC and McCrary Crescent City, LLC (P-22). That portion of the motion seeking dismissal is GRANTED for the following reasons.

The issue was whether Edward V. Giannasca, II, who signed the bankruptcy petition and the certificate of resolution (P-1) was authorized to place Crescent City Estates, LLC ("CCE") into bankruptcy. Although there was nothing in writing, Mr. Giannasca's authority supposedly derived from Stuart C. Fisher who claimed 100% ownership of CCE, the limited liability company that became the debtor. Mr. Fisher's claim of ownership is based on an alleged oral agreement with Mr. McCrary, whom it is uncontested was initially a 50% owner of CCE. The court finds that there is insufficient evidence to support the claimed oral transfer of Mr. McCrary's 50% interest to Mr. Fisher.[1]

Mr. Fisher also claims that Mr. McCrary signed certificates that authorized Mr.

---

[1] La R.S. 12:1329 states that a membership interest in an LLC considered an incorporeal movable. The Article 518 of the Louisiana Civil Code states that ownership of a movable is transferred by a contract between the owner and the transferee. Although a contact can be verbal or written, Article 1846 states that when the price or value of a contract is in excess of $500 the contract must be proved by at least one witness and other corroborating evidence. Here, Fisher testified that McCrary orally agreed to transfer his interest in CCE to Fisher, but McCrary testified that he did not agree to such a transfer. The court finds that the evidence admitted at trial was not sufficient to satisfy the requirements of Article 1846.

Giannasca to transfer Mr. McCrary's 50% interest in CCE to Mr. Fisher.  Exhibit 29 is a certificate that Mr. McCrary signed sometime in October 2005.  Exhibit 62 is a second certificate signed by Mr. McCrary dated November 9, 2005.  Mr. McCrary testified that both certificates were signed to authorize the sale of the Plaza Tower, the primary asset of CCE.  The court finds that these certificates are not sufficient to transfer Mr. McCrary's interest in either MR Crescent City, LLC ("MRCC") or CCE to Mr. Fisher.  The court further finds that the letter of October 5, 2005 that was entered into evidence as Exhibit 128 is not sufficient to transfer Mr. McCrary's interest in either MRCC or CCE.  Nor is it evidence of the claimed oral agreement to transfer Mr. McCrary's interest.[2]

Mr. McCrary's approval to file a Chapter 11 petition for the debtor, CCE, was necessary under section 5.1.4 of the Memorandum of Understanding that the parties were operating under and which was entered into evidence as Exhibit 6.  Section 5.1.4 requires the approval of a majority of the members of CCE to "mortgage, sell or otherwise dispose of all or substantially all of the assets of the Company."  This is consistent with *In re Delta Starr Broadcasting, LLC*, 2006 WL 285974 (E.D.La.), which held that the filing of a bankruptcy petition necessarily results in a transfer of all or substantially all of the assets of a company.

Alternatively, the court finds that regardless of who owned CCE as of August 23, 2007, the petition date, Mr. Giannasca lacked the authority to sign the certificate of resolution authorizing the bankruptcy filing.  Therefore,

    IT IS ORDERED that this case be, and hereby is, DISMISSED.

    IT IS FURTHER ORDERED that the remaining motions before the court, 1) the

---

[2] The court finds it more than passing strange that this October 5 letter was never sent to Mr. McCrary.

amended motion of Michael McCrary, MR Crescent City, LLC and McCrary Crescent City, LLC to dismiss bankruptcy case or, alternatively, to suspend bankruptcy case and for relief from the automatic stay or, alternatively, to appoint a trustee (P-58), 2) the application of David V. Adler, Trustee, to employ professions pursuant to 11 U.S.C. § 327(e) and Bankruptcy Rule 2014(a) and for authority to retain Baker Donelson Bearman Caldwell & Berkowitz, PC as counsel to David V. Adler, *nunc pro tunc* as of February 12, 2008 (P-211), 3) Application of David V. Adler, Trustee, to employ Kenneth B. Frank and William H. Murphy, Jr. & Associates, PA as special litigation counsel (P-212), and 4) Motion of Edward V. Giannasca, II to quash production request attendant to notice of deposition (P-246) are MOOT.

New Orleans, Louisiana, March 25, 2008.

Jerry A. Brown
U.S. Bankruptcy Judge